## Thomas Clark *vs.* Horace Hatch.

A citizen of this state gave a note to the treasurer of the state of Connecticut for rent of land situate in this state, owned by that state, and leased to him by an agent of that state. It was held, in an action on the note, that the discharge of the maker, under the insolvent laws of this state, was not a bar to the action; the claim not having been proved under those laws.

Metcalf, J. This is an action on a note of the following tenor: "Lee, Aug. 30, 1845. For value received, I promise to pay Joseph B. Gilbert, Esq., treasurer of the state of Connecticut, or his successor in said office, one hundred dollars and seventy five cents, on demand, with interest. Horace Hatch." The defendant relies on a discharge under our insolvent laws; and the question, whether that discharge can avail him, has been submitted to the court upon an agreed statement of facts, in substance as follows:

The state of Connecticut is the owner of the note in suit. That state owns lands in this county, and has an agent in the town of Lee, duly authorized to lease those lands and to receive payment of rent; and payment of notes, given for rent, has been usually made to him. The note in suit was given, at Lee, for rent of a part of those lands, leased by said agent to the defendant. The payee of the note was, at its date, treasurer of the state of Connecticut, and the plaintiff is his legal successor in that office; both always having been citizens of that state. Since the note was given, proceedings in insolvency have been instituted against the defendant, and he has

been duly discharged under the insolvent laws of this commonwealth. But the note in suit was not proved, as a claim against his estate, under said proceedings.

On these facts, the court are of opinion that the plaintiff is entitled to judgment.

The cases of *Savoye* v. *Marsh*, 10 Met. 594, *Fiske* v. *Foster*, 10 Met. 597, and subsequent cases, have settled the point, that contracts between citizens of this state and citizens of another state, are not affected by a discharge of the debtor under our insolvent laws, unless the creditor elects to prove his claim and take his dividend under those laws. The contract in question was made, either with the payee, who was a citizen of Connecticut, or with the state of Connecticut; that is, with all the citizens of that state. In either case, the defendant is not discharged from his liability to fulfil that contract.

As no question has been raised, concerning the right of the plaintiff, as successor of the payee in the office of treasurer, to sue in our courts in his own name, we have not considered that question.      *Judgment for the plaintiff.*

*W. Porter* and *F. Chamberlain*, for the plaintiff.

*T. E. Field*, for the defendant.